**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MARIO CLOTTER and SUSANO MARTINEZ,<br><br>                              Plaintiffs,<br><br>            -against-<br><br>CITY OF NEW YORK, TOLOMY CAIN, Individually, and JOHN DOE 1 through 3, Individually, (the names John Doe being fictitious, as the true names are presently unknown),<br><br>                              Defendants. | **COMPLAINT**<br><br>17-CV-116<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs MARIO CLOTTER and SUSANO MARTINEZ, by their attorney, The Trainor Law Firm, P.C., complaining of the defendants, respectfully allege as follows:

## PRELIMINARY STATEMENT

1.     Plaintiffs bring this action for compensatory damages, punitive damages, and attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of their civil rights, which are secured by these statutes and the United States Constitution.

## JURISDICTION

2.     Plaintiffs bring this action pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3.     This Court has jurisdiction to hear all claims in this matter pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

## VENUE

4.     Venue is properly laid in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) because this is the District in which the claim arose.

**JURY DEMAND**

5.       Plaintiffs respectfully demand a trial by jury on all issues in this matter pursuant to Federal Rule of Civil Procedure 38(b).

**PARTIES**

6.       Plaintiff MARIO CLOTTER is a thirty-one (31) year old African-American male and United States Citizen who resides in Queens County, New York.

7.       Plaintiff SUSANO MARTINEZ is a twenty-nine (29) year old African-American male and United States Citizen who resides in New York County, New York

8.       Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

9.       Defendant CITY OF NEW YORK maintains the New York City Police Department ("NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, the CITY OF NEW YORK.

10.       At all times hereinafter mentioned, the individually named defendant, TOLOMY CAIN (Shield No. 12341), was a duly sworn police officer of the NYPD, and was acting under the supervision of the NYPD and according to his official duties.

11.       At all times hereinafter mentioned, the individually named defendants, JOHN DOE 1 through 3 (Shield Nos. unknown), were duly sworn police officers of the NYPD, and were acting under the supervision of the NYPD and according to their official duties.

12.       At all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages, and/or practices of the State of New York and/or the

2

CITY OF NEW YORK.

13.     Each and all of the defendants' acts alleged herein were done by these defendants while acting within the scope of their employment with Defendant CITY OF NEW YORK.

## FACTS

14.     On March 13, 2016, between 3:30 a.m. and 4:00 a.m., Plaintiff MARIO CLOTTER ("Mr. CLOTTER") and Plaintiff SUSANO MARTINEZ ("Mr. MARTINEZ") were lawfully present in the vicinity of 664 8th Avenue, New York, New York, when Defendants Tolomy Cain and John Does 1 through 3, without any lawful justification whatsoever, unlawfully arrested them, searched them, and imprisoned them.

15.     Before, during, and after the defendants arrested them, Mr. CLOTTER and Mr. MARTINEZ committed no crime or offense.  Likewise, at all times relevant to these events, Mr. CLOTTER and Mr. MARTINEZ were not behaving in a manner that would suggest to any reasonable police officer that they had done anything unlawful.

16.     Mr. CLOTTER is a 31-year old African-American male, high school graduate from the School of Legal Studies, in Brooklyn, and completed a semester at Kingsborough Community College, also in Brooklyn.

17.     Mr. CLOTTER is employed full time as a package delivery driver with United Parcel Service.

18.     Mr. MARTINEZ is a 29-year old African-American male, high school graduate from Wadleigh High School for the Visual and Performing Arts, in Manhattan, with a Regents Diploma.

19.     Mr. MARTINEZ is employed full time as a security guard with U.S. Security Associates with Goldman Sachs, in Manhattan.

3

20.     On the night of March 12, 2016, Mr. CLOTTER and Mr. MARTINEZ, along with their cousin, Jeremy Martinez, were heading to the Gansevoort Hotel in the Meatpacking District, in Manhattan, to attend a friend's birthday party. Mr. CLOTTER drove his automobile. When they arrived at the hotel, however, they were informed by the staff that the party was filled to capacity and no one was permitted entry.

21.     Thereafter, Plaintiffs and Jeremy Martinez headed to Rooftop 760 in the Times Square area of Manhattan. When Mr. CLOTTER, Mr. MARTINEZ, and Jeremy Martinez arrived at Rooftop 760, they were informed that this lounge was also filled to capacity.

22.     As Plaintiffs and Jeremy Martinez walked back toward Mr. CLOTTER's automobile, Mr. CLOTTER and Jeremy Martinez began talking with some women in the vicinity of 42nd Street and 8th Avenue. Mr. MARTINEZ was on the phone with his girlfriend during this interaction.

23.     During this brief interaction with these young women, Mr. CLOTTER and Mr. MARTINEZ noticed a large, rowdy crowd forming about a block from where they were, so they decided to walk in a separate direction to avoid this crowd.

24.     While Mr. CLOTTER and Mr. MARTINEZ walked away from the crowd, Defendants Cain and Does 1, 2, and 3 confronted them, ordered them to put their hands behind their back, and rear-handcuffed them.

25.     Despite lacking probable cause, reasonable suspicion, and having no legal justification whatsoever, the defendants placed Mr. CLOTTER and Mr. MARTINEZ in an NYPD vehicle, and transported them to NYPD precinct stationhouse, where they remained falsely imprisoned.

26.     The defendants actively participated in falsely arresting Mr. CLOTTER and Mr.

4

MARTINEZ and failed to intervene to prevent the defendants, including, but not limited to, Defendants Cain, and Does 1 through 3, from unlawfully arresting Mr. CLOTTER and Mr. MARTINEZ.

27.    The defendants then transported Mr. CLOTTER from the NYPD precinct stationhouse to the Manhattan Detention Complex for arraignment on the baseless charges filed under docket number 2016NY017821.  These charges were filed based upon the false allegations of Defendant Cain.

28.    Likewise, the defendants transported Mr. MARTINEZ from the NYPD precinct stationhouse to the Manhattan Detention Complex for arraignment on the baseless charges filed under docket number 2016NY017820. These charges were filed based upon the false allegations of Defendant Cain.

29.    Defendant Cain knowingly manufactured the underlying false allegations and forwarded this information to the District Attorney's Office knowing that it would be used against Mr. CLOTTER and Mr. MARTINEZ at trial.  Defendant Cain falsely claimed, another other false allegations, that Messrs. CLOTTER and MARTINEZ were punching each other, along their cousin, Jeremy Martinez, and two unapprehend individuals, on a sidewalk.

30.    In the later hours of March 13, 2016, Mr. CLOTTER and Mr. MARTINEZ were arraigned on the false charges of disorderly conduct.   Upon arraignment, and upon the application of the District Attorney's Office, the presiding Criminal Court judge adjourned the case in contemplation of dismissal pursuant to New York Criminal Procedure Law § 170.55.

31.    Prior to their release at arraignment, Mr. CLOTTER and Mr. MARTINEZ each spent approximately seventeen (17) hours falsely imprisoned.

32.    The defendants arrested and initiated criminal proceedings against Mr. CLOTTER

5

and Mr. MARTINEZ despite their knowledge that they lacked probable cause, reasonable suspicion, or any justification whatsoever to do so.

33.    The defendants initiated this prosecution for the purpose of covering up their unlawful arrest of Mr. CLOTTER and Mr. MARTINEZ.

34.    All of the events leading up to and culminating in Mr. CLOTTER and Mr. MARTINEZ being subjected to false arrest and denial of fair trial rights occurred while other NYPD officers, including, but not limited to, the individually named defendants, either participated in or failed to intervene in the illegal conduct described herein despite having every opportunity to do so.

35.    All of these events occurred as a direct result of the unconstitutional policies, customs, or practices of Defendant CITY OF NEW YORK, including, but not limited to, the inadequate screening, hiring, retaining, training, promoting, compensating, disciplining, and supervising of its employees.

36.    The underlying false arrest and denial of the right to fair trial is not an isolated incident.  Defendant CITY OF NEW YORK is aware, from lawsuits, notices of claims, press accounts, and complaints filed with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK's Civilian Complaint Review Board, that many NYPD officers, including the defendants, abuse their authority and are insufficiently trained regarding what constitutes probable cause for an arrest.

37.    Further, these officers routinely falsely arrest citizens in the course of these encounters while their fellow police officers either actively participate in or fail to intervene to prevent this unconstitutional conduct; and, upon executing a false arrest, these officers engage in falsification, including, but not limited to, charging victimized citizens with disorderly conduct.

6

38.     Defendant CITY OF NEW YORK is further aware that such conduct and improper training has often resulted in deprivations of civil rights.  Despite such notice, Defendant CITY OF NEW YORK has failed to take corrective action.  This failure caused the defendants to violate Plaintiffs' civil rights.

39.     Moreover, upon information and belief, Defendant CITY OF NEW YORK was aware that, prior to this incident, the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers.  Despite such notice, Defendant CITY of NEW YORK has retained these officers and failed to adequately train, supervise, and discipline them.

40.     As a result of the foregoing, Plaintiffs MARIO CLOTTER and SUSANO MARTINEZ have sustained, among other damages, mental and physical injuries, emotional distress, embarrassment, and deprivation of their constitutional rights and liberty.

## FEDERAL CLAIMS

### AS AND FOR A FIRST CAUSE OF ACTION
**(As Against All Defendants)**
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

41.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "40" with the same force and effect as if fully set forth herein.

42.     The defendants arrested Plaintiffs MARIO CLOTTER and SUSANO MARTINEZ without probable cause or legal privilege, causing them to be detained against their will for an extended period of time and subjected to physical restraints.

43.     The defendants caused Plaintiffs MARIO CLOTTER and SUSANO MARTINEZ to be falsely arrested and unlawfully imprisoned, resulting in Plaintiffs being put in fear for their safety, humiliated, embarrassed, and deprived of their liberty.

44.     As a result, Plaintiffs MARIO CLOTTER and SUSANO MARTINEZ are entitled to compensatory damages in amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

### AS AND FOR A SECOND CAUSE OF ACTION
### (As Against Defendant Tolomy Cain)
(Denial of the Right to Fair Trial under 42 U.S.C. § 1983)

45.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "44" with the same force and effect as if fully set forth herein.

46.     Defendant Cain falsified the information against Plaintiffs MARIO CLOTTER and SUSANO MARTINEZ likely to influence a jury's decision and forwarded this false information to the District Attorney's Office for use in the underlying prosecution of Plaintiffs.

47.     Defendant Cain caused Plaintiff MARIO CLOTTER to be prosecuted without probable cause and upon the false information that he submitted to the District Attorney's Office until the underlying prosecution was adjourned in contemplation of dismissal on March 13, 2016.

48.     Defendant Cain caused Plaintiff SUSANO MARTINEZ to be prosecuted without probable cause and upon the false information that he submitted to the District Attorney's Office until the underlying prosecution was adjourned in contemplation of dismissal on March 13, 2016.

49.     As a result, Plaintiffs MARIO CLOTTER and SUSANO MARTINEZ are entitled to compensatory damages in amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
### (As Against All Defendants)
<u>(Failure to Intervene under 42 U.S.C. § 1983)</u>

50.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "49" with the same force and effect as if fully set forth herein.

51.     The defendants had an affirmative duty to intervene on behalf of Plaintiffs MARIO CLOTTER and SUSANO MARTINEZ, whose constitutional rights were being violated in their presence by other officers, including the individual defendants.

52.     The defendants failed to intervene to prevent the unlawful conduct described herein despite having every opportunity to do so.

53.     As a result, Plaintiff MARIO CLOTTER was subjected to false arrest, denial of his right to a fair trial, his liberty was restricted for an extended period of time, he was put in fear for his safety, he was humiliated and subjected to handcuffing, physical restraints, and an extended period of imprisonment.

54.     As a result, Plaintiff SUSANO MARTINEZ was subjected to false arrest, denial of his right to a fair trial, his liberty was restricted for an extended period of time, he was put in fear for his safety, he was humiliated and subjected to handcuffing, physical restraints, and an extended period of imprisonment.

55.     As a result, Plaintiffs MARIO CLOTTER and SUSANO MARTINEZ are entitled to compensatory damages in amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

56.     All of the foregoing acts of the defendants deprived Plaintiffs MARIO CLOTTER and SUSANO MARTINEZ of federally protected rights, including, but not limited to, the right:

A.      To be free from false arrest/unlawful imprisonment;

B.      To be free from denial of the right to a fair trial; and

C.      To be free from the failure to intervene.

57.    As a result, Plaintiffs MARIO CLOTTER and SUSANO MARTINEZ are entitled to compensatory damages in amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

## STATE CLAIMS

58.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "57" with the same force and effect as if fully set forth herein.

59.    Within ninety (90) days after the claim herein accrued, Plaintiffs duly served upon, presented to, and filed with, the CITY OF NEW YORK, a Notice of Claim setting forth all the facts and information required under the General Municipal Law 50-e.

60.    The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof, and more than thirty (30) days have elapsed since the presentation of such claim to the CITY OF NEW YORK.

61.    This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

62.    Plaintiffs have complied with all conditions precedent to maintaining this action.

63.    This action falls within one or more of the exceptions outlined in CPLR § 1602.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (As Against All Defendants)
(Assault under the laws of the State of New York)

64.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "63" with the same force and effect as if fully set forth herein.

65.     As a result of the defendants' conduct, Plaintiffs MARIO CLOTTER and SUSANO MARTINEZ were placed in apprehension of imminent harmful and offensive bodily contact.

66.     As a result of the defendants' conduct, Plaintiffs have suffered pain and mental anguish, together with fear, apprehension, embarrassment, and humiliation.

67.     As a result, Plaintiffs MARIO CLOTTER and SUSANO MARTINEZ are entitled to compensatory damages in amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (As Against All Defendants)
(Battery under the laws of the State of New York)

68.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "67" with the same force and effect as if fully set forth herein.

69.     The defendants made offensive contact with Plaintiffs MARIO CLOTTER and SUSANO MARTINEZ by forcibly touching them, handcuffing them, physically detaining them, and searching them without legal privilege or consent.

70.     As a result of the defendants' conduct, Plaintiffs MARIO CLOTTER and SUSANO MARTINEZ have suffered pain and mental anguish, together with fright, apprehension, embarrassment, and humiliation.

11

71.     As a result, Plaintiffs MARIO CLOTTER and SUSANO MARTINEZ are entitled to compensatory damages in amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (As Against All Defendants)
(False Arrest under the laws of the State of New York)

72.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "71" with the same force and effect as if fully set forth herein.

73.     The defendants arrested Plaintiffs MARIO CLOTTER and SUSANO MARTINEZ without probable cause or legal privilege.

74.     The defendants detained Plaintiffs against their will for an extended period of time and subjected them to physical restraints.

75.     As a result of the defendants' conduct, Plaintiffs were unlawfully imprisoned in violation of the laws of the State of New York.

76.     As a result of the defendants' conduct, Plaintiffs have suffered mental and physical injuries, along with fear, apprehension, embarrassment, humiliation, and loss of freedom.

77.     As a result, Plaintiffs MARIO CLOTTER and SUSANO MARTINEZ are entitled to compensatory damages in amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### (As Against All Defendants)
(*Respondeat Superior* liability under the laws of the State of New York)

78.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "77" with the same force and effect as if fully set forth herein.

79.     Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

80.     As police officers with the NYPD, the individual defendants were employees of Defendant CITY OF NEW YORK and were acting within the scope of their employment when they engaged in the wrongful conduct described herein.

81.     As a result of the defendants' conduct, Plaintiffs MARIO CLOTTER and SUSANO MARTINEZ have suffered mental anguish, together with fear, apprehension, embarrassment, humiliation, and an extended period of unlawful imprisonment and deprivation of his liberty.

82.     As a result, Plaintiffs MARIO CLOTTER and SUSANO MARTINEZ are entitled to compensatory damages in amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs MARIO CLOTTER and SUSANO MARTINEZ demand judgment and pray for the following relief, jointly and severally, against the defendants:

(A)     full and fair compensatory damages in an amount to be determined by a jury;

(B)     punitive damages against the individual defendants in an amount to be determined

by a jury;

(C)     reasonable attorneys' fees and the costs and disbursements of this action; and

(D)     such other and further relief as the Court deems just and proper.

**Dated:** New York, New York
January 6, 2017

Respectfully submitted,

**THE TRAINOR LAW FIRM, P.C.**
26 Broadway, Suite 2100
New York, New York 10004
Tel:  (212) 323-7410
Fax: (212) 323-7411

By:      *Craig Trainor*
CRAIG TRAINOR (CT 1823)

Attorney for Plaintiffs MARIO CLOTTER
and SUSANO MARTINEZ

14

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

MARIO CLOTTER and SUSANO MARTINEZ,

                                        Plaintiffs,

            -against-

CITY OF NEW YORK, TOLOMY CAIN,
Individually, and JOHN DOE 1 through 3,
Individually, (the names John Doe being fictitious,
as the true names are presently unknown),

                                        Defendants.

17-CV-116

# COMPLAINT

**THE TRAINOR LAW FIRM, P.C.**
Attorney for Plaintiffs
26 Broadway, Suite 2100
New York, New York 10004